**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| Heather D. Valenzuela,<br><br>    Plaintiff,<br><br>vs.<br><br>John Doe,<br><br>    Defendant. | Case No. 2:24-cv-02193-JAD-MDC<br><br>**ORDER TO PAY THE FILING FEE OR FILE AN APPLICATION TO PROCEED IN FORMA PAUPERIS** |

  Pro se plaintiff Heather D. Valenzuela filed documents with the Court, but she did not pay the filing fee or file an application to proceed in forma pauperis ("IFP"). Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff must pay the full filing fee or file an application to proceed in forma pauperis.

  The documents plaintiff filed cannot be liberally construed as a complaint. See ECF Nos. 1-1 through 1-20. Federal Rule of Civil Procedure 8(a) sets out a minimum standard for the sufficiency of complaints, providing that a complaint: "shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief…" See also FRCP 8(e). The purpose of the rule is to give fair notice of the claim being asserted to permit the opposing party to prepare an adequate defense. 2A Moore, Federal Practice P 8.13; 5 Wright & Miller, Federal Practice and Procedure, s 1217. The Ninth Circuit has held that excessive page length, verbosity, or ambiguity can deny the defendant fair notice of

the grounds upon which the claim rests. See, e.g., *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908–09 (9th Cir. 2011) (not "short and plain" when plaintiff fails to plead sufficient facts in complaint, instead relying upon exhibits for such particularity). If plaintiff files an IFP application, she should also file a proposed complaint that contains a short and plain statement of the claim or claims she wishes to bring. If plaintiff files a complaint, the Court cautions plaintiff against attaching exhibits to the proposed complaint, because duplicative exhibits tend to violate Rule 8's mandate that the complaint be short and plain.

ACCORDINGLY,

IT IS SO ORDERED that plaintiff has until **February 21, 2025**, to:

1. Pay the filing fee in full or file an application to proceed in forma pauperis.
2. File a proposed complaint that complies with this Order.

IT IS FURTHER ORDERED that failure to comply with this order may result in dismissal of this case.

IT IS SO ORDERED.

DATE: January 22, 2025.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified

2

time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.